NO. 07-07-0504-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 16, 2008

_____

IN THE INTEREST OF B.L.R.P., A CHILD

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF RANDALL COUNTY;

NO. 4690-L1; HONORABLE JAMES W. ANDERSON, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

Appellant, W.B.,[1] brings this appeal challenging the trial court's order terminating his parental rights to his child, B.L.R.P. and appointing Appellee, the Department of Family and Protective Services, as managing conservator.[2] By three points of error, W.B.

_____

[1]To protect the parents' and children's privacy, we refer to the parents and the children by their initials. *See* Tex. Fam. Code Ann. § 109.002(d) (Vernon 2002), Tex. R. App. P. 9.8(b)(1).

[2]The parental rights of B.L.R.P.'s mother were also terminated, but no appeal from that decision was filed.

maintains the evidence is factually insufficient to support the trial court's termination order and findings that (1) termination is in the child's best interest; (2) he failed to timely file an admission of paternity or to file a counterclaim for paternity; and (3) he failed to comply with provisions of a court order that specifically established the actions necessary for him to obtain return of the child who had been in the conservatorship of the Department for not less than nine months as a result of the child's removal from the parent under Chapter 262 for abuse or neglect of the child.  We reverse and remand.

## Standard of Review in Termination Cases

In proceedings to terminate the parent-child relationship, the petitioner must establish one or more acts or omissions enumerated by statute and must additionally prove that termination of the parent-child relationship is in the best interest of the child.  Tex. Fam. Code Ann. § 161.001 (Vernon Supp. 2008).  Both elements must be established and proof of one element does not relieve the petitioner of the burden of proving the other.  *See Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976).  Because termination of parental rights is of such weight and gravity, due process requires the petitioner to justify termination by clear and convincing evidence.  § 161.001; *In Interest of G.M.*, 596 S.W.2d 846, 847 (Tex. 1980).  Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.  *In re C. H.,* 89 S.W.3d 17, 25-26 (Tex. 2002); Tex. Fam. Code Ann. § 101.007 (Vernon 2002).

2

## Procedural Background

The Department originally filed for termination of parental rights against an alleged father other than W.B. on June 21, 2006.  Temporary orders, which included compliance with a family service plan, were entered against the first alleged father.  W.B. was shown to be B.L.R.P.'s father after a paternity test was administered on October 30, 2006. Thereafter, on September 10, 2007, the Department amended its petition to add W.B. as the father. The Department sought termination of W.B.'s parental rights on several grounds; however, the trial court's termination order was based on only two grounds: (1) the failure of W.B. to respond, after being served with citation, by timely filing an admission of paternity or by filing a counterclaim for paternity under Chapter 160,[3] and (2) the failure of W.B. to comply with the provisions of a court order that specifically established the actions necessary for W.B. to obtain the return of B.L.R.P. who had been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.[4]

In its original brief, the Department candidly conceded that termination on the first ground, that W.B. failed to file an admission of paternity or a counterclaim for paternity,

---

[3]*See* Tex. Fam. Code Ann. § 161.002(b)(1) (Vernon Supp. 2008).

[4]*See* Tex. Fam. Code Ann. § 161.001(O) (Vernon Supp. 2008).

was erroneous. Therefore, the only remaining ground to support the order of termination was the second ground, the alleged failure to comply with a court-ordered service plan.

The record establishes that W.B. signed the Department's service plan on January 5, 2007. The record does not, however, contain a written order requiring W.B. to comply with that service plan. Although W.B. did appear at a permanency hearing held on May 29, 2007, the record does not contain a transcription of that hearing. Therefore, we can only conclude that there is no court order that specifically establishes the actions necessary for W.B. to obtain the return of the child.

By its supplemental brief, the Department contends that W.B. failed to preserve that issue and although the record does not establish that the service plan was adopted by order of the trial court, W.B. has waived the issue by failing to make an objection or assert the complaint in his original brief. The Department further contends that it is undisputed that W.B. did not complete the requirements of the service plan. In response, W.B. contends that termination of his parental rights on the basis of failure to comply with a nonexistent court order "flies in the face of common sense and convention." W.B. acknowledges that no case on point was found but presents several analogous situations, to-wit: (1) holding an obligor in contempt for failure to pay child support that was never reduced to written order,[5] and (2) revoking community supervision when an order containing the terms and conditions thereof was never signed by the trial court. W.B. then

---

[5]*Ex parte Harris,* 649 S.W.2d 389, 391 (Tex.App.–Corpus Christi 1983, no pet.).

4

answers the Department's preservation of error issue by referencing Rule 38.1(e) of the Texas Rules of Appellate Procedure which provides that an issue will be treated as covering every subsidiary question that is fairly included. We begin our analysis by addressing the preservation of error issue.

**Preservation of Error**

Points of error are to be construed "liberally in order to adjudicate justly, fairly and equitably the rights of the litigants." *See Williams v. Khalaf*, 802 S.W.2d 651, 658 (Tex. 1990). *See also In re M. N.*, No. 07-0698, 2008 WL 3991189, at *1 (Tex. Aug. 29, 2008) (applying Rule 55.2(f), the Texas Supreme Court's counterpart to Rule 38.1(e) of the Texas Rules of Appellate Procedure, in liberally construing an argument).

W.B. argues that the absence of a court order requiring him to comply with the Department's service plan per § 161.001(1)(O) of the Family Code is another facet of his factual sufficiency argument. We agree and conclude that the argument raised in his supplemental brief is preserved for review by this Court.[6]

---

[6]We also note that W.B.'s factual sufficiency argument was preserved by his timely filed Statement of Points filed in the trial court in accordance with § 263.405(i) of the Family Code.

## Requirement of a Court Order

Section 161.001(1)(O) provides that the trial court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that the parent has:

> failed to comply with the provisions of a *court order* that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

(Emphasis added).

An order is defined as "a mandate; precept; command or direction authoritatively given; rule or regulation." [Citation omitted]. "Direction of court or judge made or entered in writing, and not included in a judgment, which determines some point or directs some step in the proceedings." *See Black's Law Dictionary* 1096 (6th ed. 1990).

The natural right existing between parents and their children is of constitutional dimension. *See Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings must be strictly scrutinized. *In Interest of G. M.*, 596 S.W.2d at 846.

In *In re J.F.C.*, 96 S.W.3d 256, 284 (Tex. 2002), the parents argued that termination for failure to comply with trial court orders delineating what they must do to have their

6

children returned was equivalent to criminal contempt. In addressing their complaint, the Court noted that the "Legislature has specifically provided in subsection 161.001(1)(O) that failure to comply with *court orders like those issued in this case* is grounds for termination." (Emphasis added).

Because there are no court orders specifically establishing the actions necessary for W.B. to obtain the return of the child, written or otherwise, the Department failed to establish by clear and convincing evidence any grounds enumerated under subsection (1) of § 161.001 to support termination of W.B.'s parental rights to B.L.R.P. Strictly scrutinizing the underlying proceedings, we decline to condone termination of W.B.'s parental rights on the basis of a violation of a court order that did not exist. Point of error three in W.B.'s original brief and issue one in his supplemental brief are sustained.

Consequently, the trial court's termination order is reversed and the cause is remanded to the trial court for further proceedings.

Patrick A. Pirtle
Justice