NO. 07-11-0503-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 16, 2012
_____

IN THE INTEREST OF K.B., T.B., T.B., JR., AND D.B. II, CHILDREN

_____

FROM THE 31ST DISTRICT COURT OF LIPSCOMB COUNTY;

NO. 10-06-4232; HONORABLE JACK GRAHAM, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellants, K.B. and T.B., appeal from the trial court's order terminating their parental rights to their children K.B., T.B., T.B., Jr., and D.B. II.[1] In presenting this appeal, appointed counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

Courts, including this Court, have found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *See In re A.W.T.,*

---

[1]To protect the parents' and children's privacy, we refer to them by their initials. *See* Tex. Fam. Code Ann. § 109.002(d) (West 2008). *See also* Tex. R. App. P. 9.8(b).

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

61 S.W.3d 87, 88 (Tex.App.—Amarillo 2001, no pet.). *See also In re D.E.S.*, 135 S.W.3d 326, 329 (Tex.App.--Houston [14th Dist.] 2004, no pet.); *Taylor v. Texas Dep't of Protective & Regulatory Servs.,* 160 S.W.3d 641, 646-67 (Tex.App.—Austin 2005, pet. denied). In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record and, in her opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel certifies she has diligently researched the law applicable to the facts and issues and candidly discusses why, in her professional opinion, the appeal is frivolous. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). Counsel has demonstrated that she has complied with the requirements of *Anders* by (1) providing a copy of the brief to Appellants and (2) notifying them of their right to file a pro se response if they desired to do so. *Id.* By letter, this Court granted Appellants an opportunity to exercise their right to file a response to counsel's brief, should they be so inclined. Neither parent filed a response. The Department filed a letter brief agreeing with counsel's evaluation that this appeal is frivolous.

The four children the subject of the underlying suit are K.B., a female born on October 30, 2005, T.B., a male born on September 19, 2006, T.B., Jr., a male born on May 8, 2008, and D.B. II, a male born on May 11, 2009.[3] According to the affidavit in support of the original petition filed by the Department of Family and Protective Services, an intake was received for negligent supervision on June 9, 2010. A Department caseworker was permitted into the home where she observed filth and clutter, and the home was full of bugs and flies. She observed safety and health

[3]The mother testified that she gave birth to a daughter on May 9, 2011. However, that child is not involved in this suit.

2

hazards including "wires sticking out of outlets where [Appellants] had attempted to fix part of the house not having electricity." The children were dirty. Appellants were struggling financially to the detriment of the children and both parents admitted abusing methamphetamine. The children were removed from the home on June 16, 2010.

On June 29, 2010, the trial court signed temporary orders requiring Appellants to comply with family service plans. A permanency hearing was held on June 6, 2011, but the case was extended on the trial court's docket pursuant to section 263.401(b) of the Family Code. On December 21, 2011, a final hearing was held. Testimony was presented by both parents as well as a Department caseworker. Appellants admitted to abusing methamphetamine and the mother testified that she abused methamphetamine while pregnant with her fifth child. According to the record, after the children were removed from the home, Appellants moved to Oklahoma and had difficulty complying with the service plans. By their testimony, Appellants demonstrated poor judgment in attempting to obtain the return of their children.

The caseworker testified that termination was in the children's best interest due to Appellants' drug use, lack of progress in completing their service plans over an eighteen month period and inconsistency in visiting their children. The trial court's best interest finding is supported by the fact that the children are young and adoptable.[4]

After hearing the evidence and recommendations from the caseworker, the attorney ad litem and a CASA advocate, the trial court found that termination was in the

---

[4]The attorney ad litem expressed that the children were too young and mentally incapable of expressing their wishes.

children's best interest and that clear and convincing evidence was presented establishing that Appellants had:

> knowingly engaged or knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being;

> engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered their physical or emotional well-being;

> constructively abandoned the children who had been in the permanent or temporary managing conservatorship of the Department or an authorized agency for not less than six months and: (1) the Department or authorized agency had made reasonable efforts to return the children to the mother and father; (2) the mother and father had not regularly visited or maintained significant contact with the children; and (3) the mother and father had demonstrated an inability to provide the children with a safe environment; and

> failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the children who had been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse and neglect of the children.

*See* Tex. Fam. Code Ann. § 161.001(1) (D), (E), (N) and (O) and (2) (West Supp. 2011).

By the *Anders* brief, counsel raises potential issues on all four grounds found by the trial court to support termination as well as an arguable issue on the trial court's best interest finding. Counsel then candidly concedes there is no basis for reversing the trial court's order.

4

The natural right existing between parents and their children is of constitutional dimension. *See Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). *See also Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings are strictly scrutinized. *In Interest of G.M.*, 596 S.W.2d 846 (Tex. 1980). Parental rights, however, are not absolute, and it is essential that the emotional and physical interests of a child not be sacrificed merely to preserve those rights. *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002).

Due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* Tex. Fam. Code Ann. § 101.007 (West 2008). *See also In re C.H.,* 89 S.W.3d at 25-26.

The Family Code permits a court to order termination of parental rights if the petitioner establishes one or more acts or omissions enumerated under subsection (1) of the statute and also proves that termination of the parent-child relationship is in the best interest of the child. *See* Tex. Fam. Code Ann. § 161.001 (West Supp. 2011); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976).

Only one predicate finding under section 161.001(1) is necessary to support an order of termination when there is also a finding that termination is in a child's best interest. *See In re A.V.,* 113 S.W.3d 355, 362 (Tex. 2003); *In re T.N.*, 180 S.W.3d 376,

384 (Tex.App.--Amarillo 2005, no pet.). Therefore, we will affirm the termination order if the evidence is both legally and factually sufficient to support any statutory ground upon which the trial court relied in terminating parental rights as well as the best interest finding. *In re S.F.*, 32 S.W.3d 318, 320 (Tex.App.--San Antonio, no pet.).

## § 161.001(1) GROUNDS FOR TERMINATION

### § 161.001(1)(D)

Under section 161.001(1)(D), parental rights may be terminated when clear and convincing evidence shows that a parent knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endanger the physical or emotional well-being of the child. Subsection (D) requires a showing that the environment in which the child is placed endangered the child's physical or emotional health. *Doyle v. Texas Dept of Pro. and Reg. Serv.*, 16 S.W.3d 390, 395 (Tex.App.--El Paso 2000, pet. denied). Additionally, subsection (D) permits termination based on a single act or omission by the parent. *In re L.C.*, 145 S.W.3d 790, 796 (Tex.App.--Texarkana 2004, no pet.).

### § 161.001(1)(E)

Parental rights may be terminated under section 161.001(1)(E) if there is clear and convincing evidence that a parent engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child. The cause of the danger to the child must be the parent's conduct alone, as evidenced not only by the parent's actions but also by the parent's omission or

6

failure to act. *Doyle*, 16 S.W.3d at 395. Additionally, subsection (E) requires more than a single act or omission; a voluntary, deliberate, and conscious "course of conduct" by the parent is required. *In re D.T.,* 34 S.W.3d 625, 634 (Tex.App.--Fort Worth 2000, pet. denied).

### § 161.001(1)(N)

Under section 161.001(1)(N), parental rights may be terminated if the trial court finds that a parent has constructively abandoned a child who has been in the permanent or temporary conservatorship of the Department for not less than six months and reasonable efforts have been made to return the child; the parent has not regularly visited or maintained significant contact with the child; and the parent has demonstrated an inability to provide the child with a safe environment. *See In re D.T.*, 34 S.W.3d at 633.

### § 161.001(1)(O)

Parental rights may be terminated under section 161.001(1)(O) if the Department establishes that the children were removed because of abuse or neglect; the Department has been the permanent or temporary managing conservator for at least nine months; a court order specifically established the actions necessary for the parents to obtain the return of their children; and the parents failed to comply with that order.[5] *See In re J.F.C.*, 96 S.W.3d at 278-79. Additionally, termination under subsection (O)

---

[5]The clerk's record contains an order specifically establishing the actions necessary for Appellants to obtain the return of their children. Additionally, Appellants both acknowledged by their signatures on a Family Service Plan, that they understood the conditions necessary to obtain the return of their children. *See In re B.L.R.P.*, 269 S.W.3d 707, 711 (Tex.App.--Amarillo 2008, no pet.) (declining to condone termination of parental rights on the basis of a violation of a court order that did not exist).

does not allow for consideration of excuses for noncompliance nor does it consider "substantial compliance" to be the same as completion. *See In re M.C.G.*, 329 S.W.3d 674, 675-76 (Tex.App.--Houston [14th Dist.] 2010, pet. denied).

### § 161.001(2) BEST INTEREST

Notwithstanding the sufficiency of the evidence to support termination under section 161.001(1), we must also find clear and convincing evidence that termination of the parent-child relationship was in the best interest of Appellants' children. *See §* 161.001(2). Evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28. A non-exhaustive list of factors to consider in deciding best interest is found at section 263.307(b) of the Family Code. *See also Holley*, 544 S.W.2d at 371-72.

### INDEPENDENT EVALUATION

As in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). *See also In re J.R.,* No. 07-10-0204-CV, 2011 Tex. App. LEXIS 6217, at *6 (Tex.App.--Amarillo Aug. 9, 2011, no pet.); *Hyden v. Tex. Dep't of Family & Protective Servs.,* No. 13-06-0314-CV, 2006 Tex. App. 11117, at *2 (Tex.App.--Corpus Christi Dec. 29, 2006, pet. denied) (holding that an appellate court must conduct a full examination of all proceedings to determine whether appeal is wholly frivolous). Having conducted that review, we have found no such

8

issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.

Accordingly, counsel's motion to withdraw is granted and the trial court's order terminating the parental rights of Appellants is affirmed.


Patrick A. Pirtle
Justice