NO. 07-12-0214-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 16, 2012

_____

IN RE D.B., A CHILD

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-553,574; HONORABLE KEVIN HART, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, L.M., appeals the trial court's order terminating her parental rights to her son, D.B.[1] In presenting this appeal, appointed counsel has filed an *Anders*[2] brief in support of her motion to withdraw. We grant counsel's motion and affirm.

Courts, including this Court, have found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *See In re A.W.T.,*

[1]To protect the parent's and child's privacy, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (WEST 2008). *See also* TEX. R. APP. P. 9.8(b).

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

61 S.W.3d 87, 88 (Tex.App.--Amarillo 2001, no pet.). *See also In re D.E.S.*, 135 S.W.3d 326, 329 (Tex.App.--Houston [14th Dist.] 2004, no pet.); *Taylor v. Texas Dep't of Protective & Regulatory Servs.,* 160 S.W.3d 641, 646-67 (Tex.App.--Austin 2005, pet. denied). In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record and, in her opinion, the record reflects no potentially plausible basis to support an appeal. Counsel certifies she has diligently researched the law applicable to the facts and issues and candidly discusses why, in her professional opinion, the appeal is frivolous. *In re D.A.S.,* 973 S.W.2d 296, 297 (Tex. 1998). Counsel has demonstrated she has complied with the requirements of *Anders* by (1) providing a copy of the brief to Appellant and (2) notifying her of her right to file a *pro se* response if she desired to do so. *Id.* By letter, this Court granted Appellant an opportunity to exercise her right to file a response to counsel's brief, should she be so inclined. Appellant did not file a response. The Department of Family and Protective Services did not favor us with a brief.

## FACTUAL BACKGROUND

D.B. was born on August 20, 2010, while Appellant was incarcerated in a state jail facility for two drug-related convictions. Because she was unable to care for him, and because no suitable relatives were available, D.B. was placed in foster care. Three days later, the Department initiated termination proceedings. Appellant was released from incarceration in October 2011 and contacted the Department about her Family Service Plan. She signed the plan on October 9, 2011, and began working services to obtain the return of her child.

At that time, Appellant moved in with her mother and stepfather in their home in Lubbock.[3] D.B. was in foster care in Amarillo with a family who wished to adopt him. About a month after her release, Appellant found employment in the home health care field. She made strides to work her services, both while incarcerated and following her release. The Department caseworker, however, testified that Appellant never substantially complied with the requirements of the *Family Service Plan* or the *Order for Actions Necessary for Return of Child(ren).*[4] As the date for the final hearing approached, Appellant failed to show for court-ordered mediation, a permanency hearing and did not appear at the final hearing. She also stopped returning the caseworker's phone calls.

The record establishes that Appellant is forty years old and has mental health issues and anger management issues. Her parental rights to six other children have been terminated by the Department. Three of the terminations resulted from Appellant's voluntary relinquishment. According to a professional licensed counselor, for five to six years prior to her incarceration, Appellant made a living for her family by selling drugs. The counselor testified that Appellant suffers from bipolar disorder and has been diagnosed with paranoid schizophrenia. He further testified that although Appellant completed her sessions for anger management, she did not complete her individual

---

[3]According to testimony from the caseworker, Appellant's mother, by her own admission, had a prior conviction for manslaughter. The Department discovered that Appellant's stepfather had a prior misdemeanor conviction for selling alcohol to a minor and a remote conviction for possession of marihuana. Otherwise, the caseworker described the home as appropriate.

[4]Both documents were introduced into evidence during the caseworker's testimony.

therapy sessions.  He did not recommend reunification with D.B. because Appellant was suffering from two very serious mental illnesses and was not taking medication for them.

A psychologist who treated Appellant in a prior case involving one of her other children testified that in January 2010 he performed numerous tests to evaluate her mental state.  Although she presented as friendly and cooperative, her test scores were below average with a borderline IQ and he described her as occasionally psychotic.  He diagnosed her with schizoaffective disorder and testified that without extensive treatment and medication, her mental issues would not resolve themselves.  He did not evaluate Appellant on the case involving D.B.

As previously mentioned, Appellant did not appear at the final hearing and no witnesses were presented to defend against the Department's allegations.  Following presentation of the evidence, the trial court announced that termination was in the best interest of the child.  The order of termination recites that Appellant:

> knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endangered his physical or emotional well-being;
>
> engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered his physical or emotional well-being; and
>
> constructively abandoned the child who had been in the permanent or temporary managing conservatorship of the Department or an authorized agency for not less than six months and (1) the Department or authorized agency has made reasonable efforts to return the child to the mother; (2) the mother has not regularly visited or maintained significant contact with the child; and (3) the mother has demonstrated an inability to provide the child with a safe environment; and

failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who had been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse and neglect of the child.

*See* TEX. FAM. CODE ANN. § 161.001(1) (D), (E), (N) and (O) and (2) (WEST SUPP. 2012).

By the *Anders* brief, counsel raises arguable issues challenging all four grounds for termination and the best interest finding. She concludes there is clear and convincing evidence to support subparagraphs (D), (E) and (O) and the best interest finding. Counsel, however, argues the Department failed to meet its burden on subparagraph (N) but concedes reversible error is not presented because only one finding under section 161.001(1) is required to support termination of parental rights.

## Standard of Review in Termination Cases

The natural right existing between a parent and a child is of constitutional dimension. *See Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). *See also Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings are strictly scrutinized. *In Interest of G.M.*, 596 S.W.2d 846 (Tex. 1980). Parental rights, however, are not absolute, and it is essential that the emotional and physical interests of a child not be sacrificed merely to preserve those rights. *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002).

Due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. *In re J.F.C.*, 96 S.W.3d 256,

5

263 (Tex. 2002).  Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.  *See* TEX. FAM. CODE ANN. § 101.007 (WEST 2008).  *See also In re C.H.,* 89 S.W.3d at 25-26.

The Family Code permits a court to order termination of parental rights if the petitioner establishes one or more acts or omissions enumerated under section 161.001(1) and also proves that termination of the parent-child relationship is in the best interest of the child.  *See* TEX. FAM. CODE ANN. § 161.001 (WEST SUPP. 2012); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976).  *See also In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re T.N.*, 180 S.W.3d 376, 384 (Tex.App.--Amarillo 2005, no pet.).  Therefore, we will affirm the termination order if the evidence is both legally and factually sufficient to support any statutory ground upon which the trial court relied in terminating parental rights as well as the best interest finding.  *In re S.F.*, 32 S.W.3d 318, 320 (Tex.App.--San Antonio 2000, no pet.).

### § 161.001(1) Grounds for Termination

§ 161.001(1)(D) - Conditions

Under section 161.001(1)(D), parental rights may be terminated when clear and convincing evidence shows that a parent knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endanger the physical or emotional well-being of the child.  Subsection (D) requires a showing that the environment in which the child is placed endangered the child's physical or emotional health.  *Doyle v.*

6

*Texas Dep't of Pro. and Reg. Serv.*, 16 S.W.3d 390, 395 (Tex.App.--El Paso 2000, pet. denied). Additionally, subsection (D) permits termination based on a single act or omission by the parent. *In re L.C.*, 145 S.W.3d 790, 796 (Tex.App.--Texarkana 2004, no pet.).

§ 161.001(1)(E) - Conduct

Parental rights may be terminated under section 161.001(1)(E) if there is clear and convincing evidence that a parent engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child. Endangerment may include what a parent does both before and after the birth of the child. *In re D.M.*, 58 S.W.3d 801, 812 (Tex.App.--Fort Worth 2001, no pet.). While to "endanger" means more than a threat of metaphysical injury or potential ill effects of a less-than-ideal family environment, the endangering conduct need not be directed at the child. *See Tex. Dep't of Human Servs. v. Boyd,* 727 S.W.2d 531, 533 (Tex. 1987).

The cause of the danger to the child must be the parent's conduct alone, as evidenced not only by the parent's actions but also by the parent's omission or failure to act. *Doyle*, 16 S.W.3d at 395. Additionally, subsection (E) requires more than a single act or omission; a voluntary, deliberate, and conscious "course of conduct" by the parent is required. *In re D.T.,* 34 S.W.3d 625, 634 (Tex.App.--Fort Worth 2000, pet. denied).

§ 161.001(1)(N) - Abandonment

Under section 161.001(1)(N), parental rights may be terminated if the trial court finds that a parent has constructively abandoned a child who has been in the permanent or temporary conservatorship of the Department for not less than six months and reasonable efforts have been made to return the child; the parent has not regularly visited or maintained significant contact with the child; and the parent has demonstrated an inability to provide the child with a safe environment. *See In re D.T.*, 34 S.W.3d at 633.

§ 161.001(1)(O) – Court Order

Parental rights may be terminated under section 161.001(1)(O) if the Department establishes that the child was removed because of abuse or neglect; the Department has been the permanent or temporary managing conservator for at least nine months; a court order specifically established the actions necessary for the parent to obtain the return of the child; and the parent failed to comply with that order.[5] *See In re J.F.C.*, 96 S.W.3d at 278-79. *See also In re C.B.,* No. 07-12-0065-CV, 2012 Tex.App. LEXIS, at *9-10 (Tex.App.—Amarillo July 27, 2012, no pet. h.). Additionally, termination under subsection (O) does not allow for consideration of excuses for noncompliance nor does

---

[5]The clerk's record contains an *Order for Actions Necessary for Return of Child*(*ren*) specifically establishing the actions necessary for Appellant to obtain the return of her child. Additionally, Appellant acknowledges by her signature on a *Family Service Plan* that she understood the conditions necessary to obtain the return of her child. *See In re B.L.R.P.*, 269 S.W.3d 707, 711 (Tex.App.--Amarillo 2008, no pet.) (declining to condone termination of parental rights on the basis of a violation of a court order that did not exist).

it consider "substantial compliance" to be the same as completion. *See In re M.C.G.*, 329 S.W.3d 674, 675-76 (Tex.App.--Houston [14th Dist.] 2010, pet. denied).

## § 161.001(2) Best Interest

Notwithstanding the sufficiency of the evidence to support termination under section 161.001(1), the Department must also establish by clear and convincing evidence that termination of the parent-child relationship was in D.B.'s best interest. *See* § 161.001(2). Evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28. A non-exhaustive list of factors to consider in deciding best interest is found at section 263.307(b) of the Family Code. *See also Holley*, 544 S.W.2d at 371-72.

As in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Based upon this record, we conclude that a reasonable fact-finder could have formed a firm belief or conviction that one or more grounds for termination existed and that termination of Appellant's parental rights was in the child's best interest. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. Accordingly, counsel's motion to

withdraw is granted and the trial court's order terminating Appellant's parental rights to

D.B. is affirmed.

Patrick A. Pirtle
Justice