

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-15-00041-CV

_____

### IN THE INTEREST OF D.N., JR., A CHILD

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 84,199-E; Honorable Doug Woodburn, Presiding

May 13, 2015

## MEMORANDUM OPINION

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, K.G.,[1] challenges the trial court's order terminating her parental rights to her son, D.N., Jr.[2]  By a sole issue, she maintains the evidence is insufficient to support termination on the ground that she would be incarcerated for not less than two years from the date the Texas Department of Family and Protective Services filed its *Original Petition for Protection of a Child, for Conservatorship, and in the Alternative, for Termination in Suit Affecting the Parent-Child Relationship.*  For reasons explained herein, we affirm.

---

[1] To protect the parent's and child's privacy, we refer to Appellant and other parties by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014).  *See also* TEX. R. APP. P. 9.8(b).

[2] The parental rights of D.N., Jr.'s biological father were also terminated but he did not appeal from the trial court's order.

BACKGROUND

Appellant gave birth to D.N., Jr. in 2013 while she was incarcerated. The Department removed the infant from her for neglectful supervision due to her incarceration and inability to care for him. D.N., Jr.'s father initially denied paternity and after paternity was established, he did not take the necessary steps to have a relationship with his son.

Appellant has a much older son born in 2002, who is in her mother's temporary custody, and she also has a young daughter born in 2010, who is in her brother's temporary custody.[3] Appellant tested positive for marihuana when she gave birth to her eldest. She has an extensive history of neglectful supervision with the Department regarding her older children dating back more than a decade. Notwithstanding the maternal relatives' temporary care of Appellant's older children, they were found unsuitable to care for D.N., Jr. and he was placed with foster parents. The Department initiated termination proceedings on July 8, 2013.

Per procedure and protocol, a Family Service Plan was developed for Appellant with the goal of reunification with D.N., Jr. As the case unfolded, Appellant cooperated with the Department and attempted to comply with her service plan. However, due to her incarceration, she was unable to complete her services even after she was granted an extension. The Department changed the goal from reunification to unrelated adoption.

---

[3] According to Appellant's testimony, her parental rights to her older children have not been terminated.

At the hearing, Appellant's primary caseworker testified in support of termination. She sponsored two exhibits, copies of judgments, showing that Appellant, in exchange for a five-year sentence, pleaded guilty and was convicted and sentenced on April 1, 2013, for evading arrest or detention with a vehicle and bail jumping.[4] Appellant was paroled in November 2014 and transferred to a Substance Abuse Felony Punishment Facility (SAFPF) for six months. Her time in SAFPF is set to expire in May 2015. Thereafter, the plan is for Appellant to move into transitional housing where her son will not be allowed to reside.

The caseworker also testified that D.N., Jr. is well adjusted in his foster home. He is healthy and developing appropriately. The Department did not have any concerns regarding his placement. D.N., Jr.'s foster parents wish to adopt him and provide him with a stable home.

During the caseworker's testimony, counsel for the Department requested that the trial court take judicial notice of the Department's *Final Report* filed on December 10, 2014. The report details Appellant's history with the Department and summarizes information about D.N., Jr.'s placement and progress. The trial court took judicial notice of the report.[5]

---

[4] Appellant testified she had been incarcerated since December 5, 2012, on these charges.

[5] A trial court may take judicial notice of pleadings, orders, or records filed in a case that are generally known, easily proven, and not reasonably disputed. *Trimble v. Texas Dep't of Protective & Regulatory Serv.*, 981 S.W.2d 211, 215 (Tex. App.—Houston [14th Dist.] 1998, no pet.). However, it may not take judicial notice of the truth of allegations contained in those documents. *See Tschirhart v. Tschirhart*, 876 S.W.2d 507, 508 (Tex. App.—Austin 1994, no writ). *See also In re B.P.*, No. 07-14-00037-CV, 2014 Tex. App. LEXIS 8127, at *18 (Tex. App.—Amarillo July 25, 2014, pet. denied) (mem. op.) (declining to disregard the Texas Rules of Evidence by considering multiple layers of hearsay in an affidavit in support of removal); *In re R.S.D.*, 446 S.W.3d 816, 820 n.4 (Tex. App.—San Antonio 2014, no pet.) (holding that taking judicial notice of an affidavit filed in support of a petition for termination would be improper); *In re J.E.H.*, 384 S.W.3d 864, 869-71 (Tex. App.—San Antonio 2012, no pet.) (noting that neither an affidavit nor allegations contained in a family service plan can support a termination order).

Appellant testified she was incarcerated from 2002 through 2007 for aggravated assault against her older son's father. She explained she was defending herself against his abuse. In 2011, she was convicted of possession of methamphetamine and sentenced to fifteen months in a state jail facility.

Her testimony offered little in the way of past employment—when not incarcerated, she worked as a desk clerk at a restaurant chain and as a shift supervisor at a fast food establishment. She has not been employed since 2010. She realized that her older children have been without her for most of their lives. She acknowledged that D.N., Jr. is doing well but testified she wants to take care of him. When asked if she would retrieve her older son from her brother's temporary care, she testified he has been well taken care of and would not disturb that relationship if she could not offer stability.

The trial court found that termination of Appellant's parental rights to D.N., Jr. was in his best interest. The trial court also found that Appellant (1) engaged in conduct or knowingly placed D.N., Jr. with persons who engaged in conduct which endangered his physical or emotional well-being and (2) knowingly engaged in criminal conduct that resulted in her conviction of an offense and confinement or imprisonment and inability to care for D.N., Jr. for not less than two years from the date of filing of the original petition for termination. TEX. FAM. CODE ANN. § 161.001(1)(E), (Q) (West Supp. 2014).[6]

---

[6] All future references to section or "§" are to the Texas Family Code unless otherwise specified.

STANDARD OF REVIEW

The natural right existing between parents and their children is of constitutional dimension. *See Santosky v. Kramer*, 455 U.S. 745, 758-59 (1982). *See also Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination statutes are strictly construed in favor of the parent. *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012). Parental rights, however, are not absolute, and it is essential that the emotional and physical interests of a child not be sacrificed merely to preserve those rights. *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002).

The Due Process Clause of the United States Constitution and section 161.001 of the Texas Family Code require application of the heightened standard of clear and convincing evidence in cases involving involuntary termination of parental rights. *See In re E.N.C.*, 384 S.W.3d 796, 802 (Tex. 2012); *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* § 101.007. *See also In re C.H.*, 89 S.W.3d at 25-26.

In applying the clear and convincing standard onto our legal sufficiency standard, we review the evidence by considering all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re E.N.C.*, 384 S.W.3d at 802 (citing *In re J.F.C.*, 96 S.W.3d at 266). To give appropriate deference to the fact finder's conclusions, we must assume the fact finder resolved disputed facts in favor of its finding if a reasonable fact finder could do so. *Id.* As a corollary to this requirement, an appellate court should

5

also disregard all evidence that a reasonable fact finder could have disbelieved or found to have been incredible.[7]  *Id.*  If, after conducting a legal sufficiency review, a court determines that no reasonable fact finder could form a firm belief or conviction that the matter that must be proven is true, then the evidence is legally insufficient.  *Id.*

In a factual sufficiency review, a court of appeals must give due consideration to the evidence the fact finder could reasonably have found to be clear and convincing.  *In re C.H.*, 98 S.W.3d at 25.  We determine whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of the Department's allegations.  *Id.*  In doing so, we consider whether disputed evidence is such that a reasonable fact finder could not have resolved that disputed evidence in favor of its finding.  If, in light of the entire record, the disputed evidence that a reasonable fact finder could not have credited in favor of the finding is so significant that a fact finder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.  *In re J.F.C.*, 96 S.W.3d at 266.

The Family Code permits a trial court to terminate parental rights if the Department proves by clear and convincing evidence that the parent committed an action prohibited under section 161.001(1) and termination is in the child's best interest.  *See* § 161.001(1), (2); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976).

Only one predicate finding under section 161.001(1) is necessary to support an order of termination when there is also a finding that termination is in a child's best interest.  *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re T.N.*, 180 S.W.3d 376,

---

[7] This does not mean that a court must disregard *all* evidence that does not support the finding. To do so could skew the analysis of whether there is clear and convincing evidence.  *See In re E.N.C.*, 384 S.W.3d at 802.

384 (Tex. App.—Amarillo 2005, no pet.). Therefore, we will affirm the termination order if the evidence is both legally and factually sufficient to support any statutory ground upon which the trial court relied in terminating parental rights as well as the best interest finding. *In re E.A.G.*, 373 S.W.3d 129, 141 (Tex. App.—San Antonio 2012, pet. denied).

ANALYSIS

By her brief, K.G. presents a sole issue challenging the sufficiency of the evidence to support termination under paragraph (Q). She does not challenge the trial court's finding in support of termination under paragraph (E). Nor does she challenge the trial court's finding that termination of her parental rights was in D.N., Jr.'s best interest.

The State urges that K.G.'s failure to challenge termination under paragraph (E) and the trial court's best interest finding should result in waiver of her issue. We agree. *See In re D.S.*, 333 S.W.3d 379, 388 (Tex. App.—Amarillo 2011, no pet.) (affirming a termination order based on unchallenged findings under section 161.001(1)); *Perez v. Tex. Dep't of Protective & Regulatory Servs.*, 148 S.W.3d 427, 434 (Tex. App.—El Paso 2004, no pet.). Nevertheless, we write on paragraph (Q) as a reminder of the onerous burden faced by a governmental entity seeking to permanently remove children from their parents.

The United States Supreme Court has repeatedly declared that a parent's "desire for and right to the companionship, care, custody, and management of his or her children" is an interest far more precious than any property right. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 27, 101 S. Ct. 2153, 68 L. Ed.2d 640 (1981) (citing

7

*Stanley v. Illinois*, 405 U.S. 645, 651, 92 S. Ct. 1208, 31 L. Ed.2d 551 (1972)). A parent's interest in the accuracy and justice of the decision to terminate his or her parental rights is, therefore, a commanding one. *Lassiter*, 452 U.S. at 27.

The Texas Supreme Court has mandated strict scrutiny of termination proceedings given the heightened level of appellate review under the clear and convincing standard. *In re E.N.C.*, 384 S.W.3d at 802. In recent years, this Court has been confronted with cases which did not pass muster under due process review and the clear and convincing standard of review. *See generally In re B.P.*, No. 07-14-00037-CV, 2014 Tex. App. LEXIS 8127, at *18 (Tex. App.—Amarillo July 25, 2014, pet. denied) (mem. op.) (reversing termination order as to mother for legally insufficient grounds under paragraph (E) when the Department's evidence was based on multiple layers of hearsay in an affidavit in support of removal); *In re B.L.R.P.*, 269 S.W.3d 707, 711 (Tex. App.—Amarillo 2008, no pet.) (reversing termination order based on lack of clear and convincing evidence in support of paragraph (O) because no court order existed specifically establishing the actions necessary for the parent to obtain the return of the child); *In re J.O.A.*, 262 S.W.3d 7, 24-25 (Tex. App.—Amarillo 2008), *modified by In the Interest of J.O.A.*, 283 S.W.3d 336 (Tex. 2009) (reversing termination order as to father on two of his children for due process violations requiring a statement of points to preserve appellate complaints). It is these types of cases that compel us to discuss the underlying termination proceeding as it applies to review under paragraph (Q).

§ 161.001(1)(Q)

Paragraph (Q) has been interpreted to apply prospectively from the date of filing of the petition for termination. *See In re A.V.*, 113 S.W.3d at 359-60. *See also In re*

*H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). It focuses on the parent's future imprisonment and inability to care for the child, not the criminal conduct that the parent committed in the past. *Id.* By looking at future imprisonment and inability to care for the child, paragraph (Q) purports to protect a child whose parent will be incarcerated for periods exceeding two years after termination proceedings begin. *Id.* Incarceration and a parent's inability to provide care are separate requirements for termination under paragraph (Q). *See In re E.S.S.*, 131 S.W.3d 632, 639 (Tex. App.—Fort Worth 2004, no pet.). Additionally, finality of a conviction is not required to support termination under paragraph (Q). *See Rian v. Tex. Dep't of Family and Protective Services*, No. 03-08-00155-CV, 2009 Tex. App. LEXIS 5925, at *5-6 (Tex. App.—Austin July 31, 2009, pet. denied) (mem. op).[8]

The Department failed to present clear and convincing evidence through the primary caseworker's testimony and copies of Appellant's judgments of conviction that Appellant would be unable to provide for her son for not less than two years from the date of filing of the original petition for termination. The Department filed its petition on July 8, 2013, and Appellant was paroled in November 2014, and transferred to SAFPF for six months. Her release date from SAFPF is in May 2015, two months short of the two year period contemplated by paragraph (Q). The evidence is insufficient to support termination of Appellant's parental rights under (Q).

Notwithstanding our conclusion that the trial court erred in finding clear and convincing evidence to support termination under paragraph (Q), K.G.'s failure to

---

[8]The court explained that if a final conviction was required under paragraph (Q), it would be irreconcilable with provisions of paragraph (L) that allow termination upon proof that a parent has been convicted or placed on probation, including deferred adjudication, which by its nature is not a conviction. *Rian*, 2009 Tex. App. LEXIS, at *5.

challenge termination under paragraph (E) supports the trial court's order.  Proof of one predicate ground is all that is required to support a termination order.  *In re T.N.*, 180 S.W.3d at 376.

CONCLUSION

Accordingly, the trial court's order terminating K.G.'s parental rights to her son, D.N., Jr. is affirmed.

Patrick A. Pirtle
Justice