

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00232-CV

IN THE INTEREST OF T.C. AND J.C., CHILDREN
_____

No. 07-18-00233-CV

IN THE INTEREST OF T.C., A CHILD

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 88,731-E & 89,364-E; Honorable Douglas Woodburn, Presiding

June 12, 2018

## ABATEMENT AND REMAND

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant mother, S.C., and Appellant father, T.C., both appealed from the trial court's orders terminating their parental rights to their children, T.C., J.C., and T.C.[1] The appellate record has been filed in each case and the father's court-appointed counsel has

_____

[1] Appellant father and his two sons all have the same initials. To protect the privacy of the parents, the children, and other parties, we refer to the children by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2017). *See also* TEX. R. APP. P. 9.8(b).

filed a brief in each cause of action, pursuant to *Anders v. California*, 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), in support of a motion to withdraw, by which she represents there are no meritorious issues to present on appeal. Because we find the sole ground presented in T.C.'s brief presents a potentially meritorious ground for relief, we grant T.C.'s appointed counsel's motion to withdraw and she is relieved as T.C.'s appellate attorney of record. We abate these appeals and remand the causes to the trial court for appointment of new counsel to address any other potentially meritorious issues.

BACKGROUND

The parents of the children the subject of these proceedings have a history of drug abuse. S.C. also has two convictions for abandoning or endangering a child for which she was placed on five years community supervision. The Texas Department of Family and Protective Services had previously placed the children with their maternal grandmother, T.H., but they were removed from her home after they tested positive for significant levels of cocaine. The grandmother was supposed to be supervising all contact between S.C. and the children but could not explain why they tested positive. The third child, a newborn at the time, was removed due to testing positive for cocaine from ongoing exposure to drugs before his birth.

In October 2016, just weeks after giving birth to T.C., the Department received a report that S.C. was selling drugs from her car while all three children were in the car. The Department had an open case file on the family dating back to November 15, 2015, so the parents were already working family service plans. S.C. completed most but not all of her services and continued to test positive for drugs. T.C. did not complete most of his services and also failed to maintain a drug-free lifestyle.

2

The caseworker testified that the children were placed in foster care in December 2017 and were doing well. The foster parents hope to adopt the children if the trial court terminates the parent-child relationship.

Based on the parents' continued drug use and failure to complete their service plans, the Department proceeded to terminate their parental rights. Regarding the father, the trial court signed termination orders based on the statutory grounds set forth in section 161.001(b)(1)(D), (E), (O), and (P). TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O), (P) (West Supp. 2017).[2] The trial court also found that termination of the father's rights was in the children's best interests. *Id.* at § 161.001(b)(2).

ANALYSIS

Although the Texas Supreme Court has yet to directly consider the issue, this court has found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *See In re A.W.T.,* 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.). When presented with an *Anders* brief, we are required, just as in criminal cases, to make an independent examination of the entire record to determine whether there are any arguable grounds that might support an appeal. *Stafford v. State*, 813 S.W.503, 511 (Tex. Crim. App. 1991).

The Texas Family Code permits a court to terminate the parent-child relationship if the Department establishes (1) one or more acts or omissions enumerated under section 161.001(b)(1) and (2) termination of that relationship is in the child's best interest. *See* § 161.001(b)(1), (2). *See also Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976).

---

[2] All further references to "§" or to "section" are to the Texas Family Code.

Recognizing that only one statutory ground is needed to support a termination order; *In re K.C.B.*, 280 S.W.3d 888, 894-95 (Tex. App.—Amarillo 2009, pet. denied), father's counsel presented her argument that these appeals are frivolous based *solely* on an analysis of section 161.001(b)(1)(O) and the trial court's best interest finding. That subsection provides that a trial court may terminate the parent-child relationship if it finds by clear and convincing evidence that the parent has failed to comply with the provisions of a *court order* that specifically established the actions necessary for the parent to obtain the return of his children. (Emphasis added).

From this court's independent examination of the records in both appeals, we find there is no court order detailing the actions necessary for T.C. to obtain the return of his children.[3] This court has held that to support a termination order based on section 161.001(b)(1)(O), there must be a court order rather than simply a Department-generated service plan. *See In re B.L.R.P.*, 269 S.W.3d 707, 710-11 (Tex. App.—Amarillo 2008, no pet.). *See also In re Z.B. & Z.B.*, No. 07-16-00026-CV, 2016 Tex. App. LEXIS 7420, at *13 (Tex. App.—Amarillo July 12, 2016, no pet.) (mem. op.) (holding that failure of the appellate record to contain a court order establishing the actions necessary for a parent to obtain the return of his child defeats a termination order based on subsection (O)). A family service plan that is not incorporated in a court order does not suffice. *In re Z.B. & Z.B.*, 2016 Tex. App. LEXIS 7420, at *14.

Without a court order, the Department failed to establish by clear and convincing evidence that T.C.'s parental rights could be terminated under subsection (O). T.C.'s

---

[3] The clerk of this court has also made an inquiry to the District Clerk to determine if the order in question had been inadvertently omitted from the clerk's record. No order was located.

4

counsel's argument that the appeals are frivolous based on subsection (O) alone is inaccurate and termination under that ground does not merely present an arguable issue but a potentially reversible one. *In re B.L.R.P.*, 269 S.W.3d at 711.

Consequently, we remand these appeals to the trial court. Upon remand, due to the time sensitive nature of appeals from parental termination orders; *see* TEX. R. JUD. ADMIN. 6.2(a),[4] the trial court shall immediately appoint new counsel to represent T.C in these appeals. The name, address, email address, telephone number, and State Bar of Texas identification number of newly-appointed counsel shall be provided to the clerk of this court. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the clerk of this court by June 22, 2018.

The trial court is directed to order newly-appointed counsel to file an appellant's brief developing the aforementioned issue and any other issues based on the grounds and best interest finding in the trial court's orders that might support T.C.'s appeals. T.C.'s appellate brief shall be due twenty days from the date of the trial court's order appointing new counsel. TEX. R. APP. P. 38.6(a). The Department's brief, if any, shall be filed twenty days following the filing of T.C.'s brief. *Id.* at (b). By this order, we express no opinion on the merit of any issues or potential issues the record may present.

It is so ordered.

Per Curiam

---

[4] "[A]ppellate courts are required to ensure that, so far as reasonably possible, the appeal is brought to final disposition" within 180 days from the date the notice of appeal is filed. T.C. filed his notice of appeal on March 21, 2018.