**In the Interest of M.C.G., a child.**

**No. 14–09–00644–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 2, 2010.

William M. Thursland, Houston, for appellant.

Sandra D. Hachem, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices YATES and BOYCE.

### SUPPLEMENTAL OPINION ON REHEARING

LESLIE B. YATES, Justice.

Appellant moved for rehearing, contending that our opinion relied on improper evidence in affirming the termination of his parental rights to M.C.G. based on failure to provide support.[1] We overrule

1. Appellant also contends that our opinion contains factual errors. Most of the alleged factual errors relate to the failure to support

argument, upon which we no longer rely. One error involves a mistyped date, which all parties agree was stated correctly earlier in

appellant's motion and issue this supplemental opinion on rehearing to respond to some of his arguments.

 Despite extensive references to such testimony in his appellate brief, appellant's primary argument on rehearing is that we erred in considering testimony from prior hearings, rather than only the termination trial, in assessing the evidence regarding failure to support M.C.G. Testimony from a prior hearing can be used at trial only if the testimony is admitted into evidence. *See In re C.L.*, 304 S.W.3d 512, 514–16 (Tex.App.-Waco 2009, no pet.); *Garza v. State*, 996 S.W.2d 276, 280 (Tex. App.-Dallas 1999, pet. ref'd); *Escamilla v. Estate of Escamilla*, 921 S.W.2d 723, 726 (Tex.App.-Corpus Christi 1996, writ denied). That did not happen in this case. The evidence at the termination trial shows that appellant paid no support, but it does not establish whether he had means to provide support during the relevant time frame. Thus, based solely on the evidence admitted at trial, the evidence is insufficient to support the trial court's finding that termination was warranted based on failure to support.

 However, based solely on the evidence admitted at the termination trial, the trial court's termination order is supportable on another ground. The trial court also terminated appellant's parental rights based on his failure to complete his family services plan.[2] It is undisputed that appellant did not complete one requirement in the family services plan: to undergo individual therapy.[3] The caseworker testified at trial that appellant was accepted into individual counseling and that she gave him the necessary information but appellant did not attend and was therefore terminated from the program. Appellant argues that this failure is excused because the caseworker admitted she made a mistake in the paperwork referring him to counseling and he has never been notified that the mistake has been corrected. However, the evidence regarding this mistake is contained in testimony from a prior hearing, which was not admitted into evidence at the termination trial. Further, the Family Code does not provide for excuses for failure to comply in assessing a statutory violation. *See In re J.S.*, 291 S.W.3d 60, 67 (Tex.App.-Eastland 2009, no pet.); *Wilson v. State*, 116 S.W.3d 923, 929 (Tex.App.-Dallas 2003, no pet.). Rather, any excuse for failing to complete a family services plan goes only to the best interest determination, which appellant does not challenge on appeal. *See In re T.N.F.*, 205 S.W.3d 625, 631 (Tex.App.-Waco 2006, pet. denied); *see also Holley v. Adams*, 544 S.W.2d 367, 371 (Tex.1976);

---

the opinion and did not affect our disposition. The date referred to in the fourth paragraph of the section in our original opinion entitled "Parental Rights to M.C.G." should be September 4, 2008, rather than September 4, 2009.

2. The Family Code provides that parental rights may be terminated if the parent "failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of

the child's removal from the parent under Chapter 262 for the abuse or neglect of the child." TEX. FAM.CODE ANN. § 161.001(1)(O) (West Supp.2009).

3. Appellant stated in his brief that the record contains no family services plan. The record has since been supplemented to include the plan, and the record already contained a finding in a trial court status hearing order, dated a few days after the family services plan was filed, that appellant understood the order and had been advised that failing to comply could lead to termination of his parental rights.

*In re S.K.S.,* 648 S.W.2d 402, 404 (Tex. App.-San Antonio 1983, no writ).

The Family Code does not provide for substantial compliance with a family services plan. *See In re J.S.,* 291 S.W.3d at 67; *In re T.T.,* 228 S.W.3d 312, 319–20 (Tex.App.-Houston [14th Dist.] 2007, pet. denied). Appellant did not fully comply, and thus the trial court could have properly concluded that appellant's sufficiency challenge as to the termination of his parental rights for failure to do so lacked a substantial basis in law or fact and was thus frivolous. Accordingly, we overrule appellant's first issue relating to M.C.G. on this basis.