NO. 07-12-00351-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 18, 2012

IN THE INTEREST OF S.M.G. AND H.D.W., CHILDREN

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 59,060-C; HONORABLE JACK GRAHAM, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant J.J.W.[1] appeals from the trial court's order terminating his parental rights to his children, S.M.G. and H.D.W.  In presenting this appeal, appointed counsel for J.J.W. filed an *Anders*[2] brief in support of a motion to withdraw.  We grant counsel's motion to withdraw, and affirm the trial court's judgment.

Courts of this State, including this court, have found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *See In*

---

[1] To protect the children's privacy, we will refer to appellant and the children by their initials.  *See* Tex. Fam. Code Ann. § 109.002(d) (West 2011); Tex. R. App. P. 9.8(b).

[2] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

*re A.W.T.,* 61 S.W.3d 87, 88 (Tex.App.--Amarillo 2001, no pet.). *See also In re D.E.S.,* 135 S.W.3d 326, 329 (Tex.App.--Houston [14th Dist.] 2004, no pet.); *Taylor v. Texas Dep't of Protective & Regulatory Servs.,* 160 S.W.3d 641, 646-67 (Tex.App.--Austin 2005, pet. denied). In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record and, in her opinion, the record reflects no arguable basis to support an appeal. Counsel certifies she has diligently researched the law applicable to the facts and issues and discusses why, in her professional opinion, the appeal is frivolous. *In re D.A.S.,* 973 S.W.2d 296, 297 (Tex. 1998). Counsel also has demonstrated she has (1) provided a copy of her brief to J.J.W. and (2) notified him of his right to file a *pro se* response if he desired to do so. *Id.* By letter, we also made J.J.W. aware of his opportunity to exercise his right to file a response to his counsel's brief. J.J.W. has not filed a response.

## Background

In January 2010, J.J.W.'s older child, S.M.G., made an outcry of sexual abuse committed by J.J.W. against both S.M.G. and H.D.W. The same day, both children were taken to an Amarillo hospital for an examination by a sexual assault nurse examiner, and to the Bridge Children's Advocacy Center for an interview. The children were removed from J.J.W. and placed with their mother.[3] As a result of S.M.G.'s outcry, J.J.W. was arrested in February 2010. In May 2011, he was convicted by jury of

---

[3] At the conclusion of the final termination hearing, the children were ordered placed with their mother.

"Continuous Sexual Abuse of a Young Child" and "Aggravated Sexual Assault of a Child" and was sentenced to imprisonment for two consecutive twenty-five year terms.[4]

After J.J.W.'s criminal convictions, the Department filed its "Second Amended Petition for Protection of a Child, for Conservatorship, and for Termination in a Suit Affecting the Parent-Child Relationship," alleging as additional grounds for termination J.J.W.'s recent convictions. During the pendency of the proceedings, the Department provided service plans for J.J.W., outlining items to be completed in order to be reunited with his children. In addition to the judgments of conviction from his criminal case, evidence at the termination hearing included evidence showing J.J.W. did not complete those service plan requirements.

The trial court held the final hearing in July 2011 and terminated J.J.W.'s parental rights to both children. J.J.W. appealed and we reversed the termination and remanded the case to the trial court. *In the Interest of S.M.G. and H.D.W.,* No. 07-11-00340-CV, 2012 Tex.App. LEXIS 1990 (Tex.App.—Amarillo March 13, 2012) (mem. op., not designated for publication). In July 2012, the trial court held the final rehearing on termination and again terminated appellant's rights to both children. This appeal followed.

---

[4] J.J.W. appealed each of his convictions. We affirmed the judgments in June 2012. *Willis v. State,* No. 07-11-0235-CR, 2012 Tex.App. LEXIS 4550 (Tex.App.—Amarillo June 8, 2012, no pet.) (mem. op., not designated for publication).

Standard of Review in Termination Cases

Because the natural right existing between parents and their children is of constitutional dimension, termination proceedings are strictly scrutinized. *In Interest of G.M.,* 596 S.W.2d 846 (Tex. 1980). Parental rights, however, are not absolute, and the emotional and physical interests of a child will not be sacrificed merely to preserve those rights*. In re C.H.,* 89 S.W.3d 17, 26 (Tex. 2002).

Due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. *In re J.F.C.,* 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* Tex. Fam. Code Ann. § 101.007 (West 2008); *In re C.H.,* 89 S.W.3d at 25-26.

The Family Code permits a court to order termination of parental rights if the petitioner establishes one or more acts or omissions enumerated under subsection (1) of section 161.001 and also proves that termination of the parent-child relationship is in the best interest of the child. *See* Tex. Fam. Code Ann. § 161.001 (West Supp. 2012); *Holley v. Adams,* 544 S.W.2d 367, 370 (Tex. 1976).

Only one predicate finding under section 161.001(1) is necessary to support an order of termination when there is also a finding that termination is in a child's best interest. *In re A.V.,* 113 S.W.3d 355, 362 (Tex. 2003); *In re T.N.,* 180 S.W.3d 376, 384 (Tex.App.--Amarillo 2005, no pet.). Therefore, we will affirm the termination order if the evidence is both legally and factually sufficient to support any statutory ground on which

the trial court relied in terminating parental rights, and the best interest finding. *In re S.F.,* 32 S.W.3d 318, 320 (Tex.App.--San Antonio, no pet.).

§ 161.001(1) Grounds For Termination

In this case, on retrial the court found clear and convincing evidence for involuntary termination under sections 161.001(1)(D), (E), (L), (O), and (Q).

§ 161.001(1)(D)

Under section 161.001(1)(D), parental rights may be terminated when clear and convincing evidence shows that a parent knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endanger the physical or emotional well-being of the child. Subsection (D) requires a showing that the environment in which the child is placed endangered the child's physical or emotional health. *Doyle v. Texas Dept of Pro. and Reg. Serv.,* 16 S.W.3d 390, 395 (Tex.App.--El Paso 2000, pet. denied). Additionally, subsection (D) permits termination based on a single act or omission by the parent. *In re L.C.,* 145 S.W.3d 790, 796 (Tex.App.--Texarkana 2004, no pet.).

§ 161.001(1)(E)

Parental rights may be terminated under section 161.001(1)(E) if evidence shows that a parent engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child. The cause of the danger to the child must be the parent's conduct alone, which may be evidenced by the parent's actions or the parent's omission or failure to act. *Doyle,* 16

5

S.W.3d at 395. Additionally, subsection (E) requires more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.,* 34 S.W.3d 625, 634 (Tex.App.--Fort Worth 2000, pet. denied).

§ 161.001(1)(L)

Section 161.001(1)(L) provides, in part, that a court may terminate parental rights if it finds that the parent has been convicted for being criminally responsible for the death or serious injury of a child under Penal Code sections, including Section 22.021 (aggravated sexual assault) and Section 21.02 (continuous sexual abuse of young child).

§ 161.001(1)(O)

Parental rights may be terminated under section 161.001(1)(O) if the Department establishes that the child was removed because of abuse or neglect; the Department has been the permanent or temporary managing conservator for at least nine months; a court order specifically established the actions necessary for the parent to obtain the return of the child; and the parent failed to comply with that order. *In re J.F.C.*, 96 S.W.3d at 278-79. Termination under subsection (O) does not allow for consideration of excuses for noncompliance nor does it consider "substantial compliance" to be the same as completion. *In re M.C.G.,* 329 S.W.3d 674, 675-76 (Tex.App.--Houston [14th Dist.] 2010, pet. denied).

§ 161.001(1)(Q)

Section 161.001(1)(Q) allows termination of parental rights when a parent has knowingly engaged in criminal conduct that has resulted in the parent's (i) conviction of an offense and (ii) confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition. Terminating parental rights under subsection Q requires that the parent be both incarcerated or confined and unable to care for the child for at least two years from the date the termination petition is filed. *In re H.R.M.*, 209 S.W.3d 105, 110 (Tex. 2006). "[I]f the parent is convicted and sentenced to serve at least two years and will be unable to provide for his or her child during that time, the [Department] may use subsection Q to ensure that the child will not be neglected." *In re A.V.,*113 S.W.3d at 360.

§ 161.001(2) Best Interest

Notwithstanding the sufficiency of the evidence to support termination under section 161.001(1), the court must also find by clear and convincing evidence that termination of the parent-child relationship was in the best interest of S.M.G. and H.D.W. *See* Tex. Fam. Code Ann. § 161.001(2). Evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *In re C.H.,* 89 S.W.3d at 28. Factors to be taken into account when deciding best interest include those enumerated in section 263.307(b) of the Family Code, and the non-exclusive list described by the Texas Supreme Court in *Holley v. Adams. In re R.R.,* 209 S.W.3d 112, 116 (Tex. 2006) (per curiam); Tex. Fam. Code Ann. § 263.607(b) (West 2008); *Holley,* 544 S.W.2d at 371-72.

Analysis

As in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Based on the record in this case, we find the evidence is legally and factually sufficient to support one or more of the trial court's findings as to the grounds for termination and its finding regarding the best interests of the children. Furthermore, we find no other potentially plausible issues which could support an appeal. After reviewing the record and brief, we agree with counsel that there are no arguably meritorious grounds for appeal. Accordingly, counsel's motion to withdraw is granted and the trial court's order terminating the parental rights of J.J.W. to S.M.G. and H.D.W. is affirmed.

James T. Campbell
Justice

Quinn, C.J., concurring in result.

8