NO. 07-12-0413-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 13, 2013
_____

IN RE N.C. AND X.C., CHILDREN

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2011-555,483; HONORABLE KEVIN HART, ASSOCIATE JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, L.E.,[1] challenges the trial court's order terminating her parental rights to her children, N.C. and X.C.[2] In presenting this appeal, appointed counsel has filed an *Anders*[3] brief in support of her motion to withdraw. We grant counsel's motion and affirm.

---

[1]To protect the parent's and child's privacy, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (WEST 2008). *See also* TEX. R. APP. P. 9.8(b).

[2]The paternal rights of the children's biological father. J.C., were also terminated. He did not pursue an appeal.

[3]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Courts, including this Court, have found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *See In re A.W.T.,* 61 S.W.3d 87, 88 (Tex.App.—Amarillo 2001, no pet.). *See also In re D.E.S.*, 135 S.W.3d 326, 329 (Tex.App.—Houston [14th Dist.] 2004, no pet.); *Taylor v. Texas Dep't of Protective & Regulatory Servs.,* 160 S.W.3d 641, 646-67 (Tex.App.—Austin 2005, pet. denied). In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record and, in her opinion, the record reflects no potentially plausible basis to support an appeal. Counsel certifies she has diligently researched the law applicable to the facts and issues and candidly discusses why, in her professional opinion, the appeal is frivolous. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). Counsel has demonstrated she has complied with the requirements of *Anders* by (1) providing a copy of the brief to Appellant and (2) notifying her of her right to file a *pro se* response if she desired to do so. *Id.* By letter, this Court granted Appellant an opportunity to exercise her right to file a response to counsel=s brief, should she be so inclined. Appellant did not file a response. The Department of Family and Protective Services notified this Court that it would not file a response unless one was requested.

### FACTUAL BACKGROUND

N.C. is a male born in April of 2006, and X.C. is a male born in April of 2007. On February 10, 2010, the Department of Family and Protective Services received an intake of physical abuse of N.C. and X.C.[4] The allegations included physical abuse of

---

[4]According to the record, in September 2006, while L.E. was pregnant with X.C., the Department investigated a report of neglectful supervision of N.C. The parents were abusing cocaine and living in

2

the children by L.E.'s then boyfriend and acts of domestic violence against L.E. The parties agreed to have the children placed with relatives until L.E. could find suitable housing and begin working her services. The allegations of physical abuse were disposed of as "Unable to Determine," but the Department investigated allegations of neglectful supervision. Placement with relatives did not work out and eventually, N.C. and X.C. were placed in a children's home where they resided at the time of trial.

L.E. did not progress in working her services and the Department decided to pursue termination on January 23, 2011. By temporary order, the trial court ordered that L.E. appear and cooperate in psychological or psychiatric evaluation, attend counseling sessions, attend and successfully complete parenting classes, submit to drug and alcohol testing, submit to a substance abuse treatment program, if recommended, and comply with each requirement of the Department's service plan. The case was extended pursuant to section 263.401(b) of the Family Code and the trial court entered a supplemental order for actions necessary for L.E. to have her children returned. The order required L.E. to maintain contact with her caseworker twice per month, verify attendance for all required appointments, sessions or classes, complete parenting classes, complete individual and family counseling, complete a mental health screening, comply with all MHMR treatment recommendations, gain and maintain stable employment, continue to submit to random drug testing and continue to allow the Department and CASA to enter the home for visits. L.E. signed the documents acknowledging the actions required by her to obtain the return of her children.

_____
unsafe conditions. N.C. was temporarily placed with his paternal grandmother. J.C. was convicted of sexually assaulting L.E.'s younger sister and was incarcerated. N.C. was returned to his mother and the case was closed in January 2007.

3

Trial on the merits of the Department's petition for termination commenced on July 6, 2012. On that day L.E. telephoned to report a blow out on a tire on the vehicle she had borrowed to attend the trial. By telephone, she advised the court she would need ten to fifteen minutes for the tire to be replaced and would appear shortly thereafter. The court recessed for approximately forty minutes. When trial reconvened, L.E. was not present and had not called to explain the delay nor did she answer her cell phone or return calls to her attorney.

Despite efforts to accommodate L.E., the trial court resumed the proceedings and denied a motion for continuance. Following presentation of the evidence, the trial court announced that termination was in the best interest of the children. The order of termination recites that L.E.:

> knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being;

> engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered their physical or emotional well-being;

> constructively abandoned the children who had been in the permanent or temporary managing conservatorship of the Department or an authorized agency for not less than six months and (1) the Department or authorized agency has made reasonable efforts to return the children to the mother; (2) the mother has not regularly visited or maintained significant contact with the children; and (3) the mother has demonstrated an inability to provide the children with a safe environment; and

> failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the children who had been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse and neglect of the children.

See TEX. FAM. CODE ANN. § 161.001(1) (D), (E), (N) and (O) and (2) (WEST SUPP. 2012).

L.E. filed a motion for new trial and at the hearing on that motion she tried to explain why she had failed to show for trial. According to her testimony, she borrowed a truck from her aunt and uncle. After L.E. replaced the damaged tire, her aunt and uncle asked her to pick them up from work and told her they needed their truck returned. She gave up on attending the hearing and remained with her aunt and uncle. According to the Department, L.E. was offered transportation for the hearing but declined. Finding no merit to L.E.'s argument, the trial court denied the motion for new trial.

By the *Anders* brief, counsel raises potential issues on all four grounds supporting termination. Counsel acknowledges that only one statutory ground is necessary to support an order of termination when there is also a finding that termination is in a child's best interest. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re T.N.*, 180 S.W.3d 376, 384 (Tex.App.—Amarillo 2005, no pet.). She then analyzes the evidence to support the termination order under section 161.001(1)(O) and concludes there is no reversible error.

## STANDARD OF REVIEW IN TERMINATION CASES

The natural right existing between a parent and a child is of constitutional dimension. *See Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). *See also Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings are strictly scrutinized. *In Interest of G.M.*, 596 S.W.2d 846 (Tex. 1980). Parental rights, however, are not absolute, and it is essential that the emotional and physical interests of a child not be sacrificed merely to preserve those rights. *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002).

5

Due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* TEX. FAM. CODE ANN. ' 101.007 (WEST 2008). *See also In re C.H.,* 89 S.W.3d at 25-26.

The Family Code permits a court to order termination of parental rights if the petitioner establishes one or more acts or omissions enumerated under subsection (1) of the statute and also proves that termination of the parent-child relationship is in the best interest of the child. *See* TEX. FAM. CODE ANN. ' 161.001 (WEST SUPP. 2012); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976).

## § 161.001(1)(O)

Because L.E.'s counsel has analyzed the evidence to support the termination order under section 161.001(1)(O) and has concluded that the trial court did not err in granting termination on that basis, we begin our analysis under that subsection. Parental rights may be terminated if a parent fails to comply with a court order that specifically establishes the actions necessary for the parent to obtain the return of a child who has been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of the child's removal under Chapter 262 of the Family Code for the abuse or neglect of the child.[5] *See* TEX. FAM.

---

[5]The clerk's record contains a Temporary Order, dated February 2, 2011 (sixteen months prior to the Order of Termination), appointing the Department as temporary managing conservator of the children as the result of their removal under Chapter 262 for abuse or neglect. The Temporary Order and a

CODE ANN. ' 161.001(O) (WEST SUPP. 2012); *In re J.F.C.*, 96 S.W.3d at 278-79. Additionally, termination under subsection (O) does not allow for consideration of excuses for noncompliance nor does it consider "substantial compliance" to be the same as completion. *See In re M.C.G.*, 329 S.W.3d 674, 675-76 (Tex.App.—Houston [14th Dist.] 2010, pet. denied).

Allegations of abuse and neglect were the basis for removal of N.C. and X.C. from their home. Counselor Christine Haggard testified that L.E. was a victim of domestic violence for approximately seven years at the hands of the children's biological father and her paramours. L.E. suffered from post-traumatic stress disorder and Haggard recommended counseling and evaluation for medication. L.E. refused to be evaluated for medication and after February 23, 2012, she quit attending counseling sessions all together. According to Haggard, L.E. exhibited instability in her employment and housing situation.

Caseworker Tabatha Hood testified to numerous violations by L.E. of the Department's safety plan. She did not have stable housing or employment and was not advising the Department by written notice of address or employment changes. Her visits with her children were not consistent. Although her drug tests were negative, she did not submit for testing on two occasions. She contacted the Department twice by telephone but refused to give her location. There was no verification of completion of

---

Supplemental Order for Actions specifically establish the actions necessary for L.E. to obtain the return of her children. *See In re B.L.R.P.*, 269 S.W.3d 707, 711 (Tex.App.—Amarillo 2008, no pet.) (declining to condone termination of parental rights on the basis of a violation of actions not specifically contained in an order signed by the court).

her GED.  Although she did attend some parenting classes, she was never discharged. She refused mental health screening.

Hood testified that L.E. asked if arrangements could be made for her to work her services in Littlefield after she moved from Lubbock.  Information was provided to her but she never made any arrangements for her service plan requirements.

Although L.E. had no recent criminal history, she was arrested on outstanding warrants for hot checks.  L.E. testified at the hearing on the motion for new trial that she was incarcerated but was scheduled to be released that day.  She testified that she hoped to do better now that her jail service had been completed.

Although L.E. made efforts to comply with the court order specifically establishing the actions necessary for her to obtain the return of her children, substantial yet incomplete compliance with the Department's service plan was insufficient to obtain the return of her children.  Thus, we agree with counsel's evaluation that there is clear and convincing evidence to support termination under section 161.001(1)(O).  Because only one statutory ground is necessary to support an order of termination, we need not discuss the evidence as it pertains to subsections (D), (E) and (N).

## § 161.001(2) BEST INTEREST

Notwithstanding the sufficiency of the evidence to support termination under section 161.001(1), we must also find clear and convincing evidence that termination of the parent-child relationship was in the children's best interest.  *See* ' 161.001(2). Evidence that proves one or more statutory grounds for termination may also constitute

8

evidence illustrating that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28. A non-exhaustive list of factors to consider in deciding best interest is found at section 263.307(b) of the Family Code. *See also Holley*, 544 S.W.2d at 371-72.

Hood testified the children were bonded and connected and needed to be kept together. She also testified that N.C.'s school teacher wanted to adopt them both and understood their behavioral problems. The counselor who treated the children believed they were very adoptable and believed the stability that adoption would bring would improve their behavioral problems and thus concluded that termination was in their best interest.

## CONCLUSION

As in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel=s brief, we agree with counsel that there are no plausible grounds for appeal.

Accordingly, counsel's motion to withdraw is granted and the trial court=s order terminating L.E.'s parental rights to N.C. and X.C. is affirmed.

Patrick A. Pirtle

9

Justice

Quinn, C.J., concurring in result.