

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-14-00164-CV**

**IN THE INTEREST OF C.B., A CHILD**

**From the 74th District Court**
**McLennan County, Texas**
**Trial Court No. 2012-3826-3**

**MEMORANDUM OPINION**

Stephanie[1] appeals from a judgment terminating her parental rights to her child, C.B., who had been removed from her by the Department of Family and Protective Services. TEX. FAM. CODE ANN. § 161.001 (West 2008). Stephanie complains that the evidence was legally and factually insufficient to support the trial court's findings as to three separate predicate grounds for termination of her parental rights or that termination was in C.B.'s best interest. *See* TEX. FAM. CODE ANN. §§ 161.001(1)(D), (E), (O), & 161.003(a)(5) (West 2008). Because we find that the evidence was legally and factually sufficient to support the trial court's findings as to section 161.001(O) for

---

[1] We use appellant's first name only in order to protect the identity of the child. *See* TEX. R. APP. P. 9.8(b)(1)(B).

failure to complete her service plan and that termination was in C.B.'s best interest, we affirm the judgment of the trial court.

**BURDEN OF PROOF**

In a proceeding to terminate the parent-child relationship brought under section 161.001 of the Texas Family Code, the Department is required to establish one predicate ground listed under subdivision (1) of the statute and prove that termination was in the best interest of the children. TEX. FAM. CODE ANN. § 161.001(1) (West 2008); *In re E.N.C.*, 384 S.W.3d 796, 803 (Tex. 2012); *In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). Both elements must be established; termination may not be based solely on the best interest of the children as determined by the trier of fact. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987).

Termination decisions must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. §§ 161.001, 161.206(a) (West 2008). Evidence is clear and convincing if it "will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id*. § 101.007.

**LEGAL AND FACTUAL SUFFICIENCY**

In reviewing the evidence for legal sufficiency in parental termination cases, we must determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction that the grounds for termination were proven. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). We must review all the evidence in the light most favorable

to the finding and judgment and assume that the factfinder resolved any disputed facts in favor of its finding if a reasonable factfinder could have done so. *Id.* We must also disregard all evidence that a reasonable factfinder could have disbelieved. *Id.* We must consider, however, undisputed evidence even if it is contrary to the finding. *Id.*

In a factual sufficiency review, we must give due consideration to evidence that the trier of fact could reasonably have found to be clear and convincing. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006); *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). To determine if the evidence is factually sufficient, we give due deference to the factfinder's findings and determine whether, on the entire record, the factfinder could reasonably form a firm conviction or belief that the parent committed an act that would support termination and that termination of the parent's parental rights would be in the child's best interest. *In re H.R.M.*, 209 S.W.3d at 108; *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002).

Only one ground of termination is necessary for a judgment of termination when there is also a finding that termination is in the child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003).

## FAMILY CODE SECTION 161.001(O)

In her third issue, Stephanie complains that the evidence was legally and factually insufficient for the trial court to have determined that she did not comply with the provisions of her court-ordered service plan. The Family Code provides that parental rights may be terminated if a parent "failed to comply with the provisions of a

court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child." TEX. FAM. CODE ANN. § 161.001(1)(O) (West 2008).

We do not consider "substantial compliance" to be the same as completion for purposes of subsection (O) of the Family Code, nor does that subsection provide for excuses for failure to complete court ordered services. *See In re T.N.F.*, 205 S.W.3d 625, 630-31 (Tex. App.—Waco 2006, pet. denied) (emphasizing that parents must comply with every requirement of the court order and that subsection (O) does not allow for consideration of excuses for noncompliance). *See also In re M.C.G.*, 329 S.W.3d 674, 675-76 (Tex. App.—Houston [14th Dist.] 2010, pet. denied); *In re T.T.*, 228 S.W.3d 312, 319 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (noting Texas courts have uniformly found substantial compliance with provisions of court order inadequate to avoid termination finding under subsection (O)). At most, any excuse for failing to complete a family service plan goes only to the best interest determination. *See T.N.F.*, 205 S.W.3d at 631; *see also Holley v. Adams*, 544 S.W.2d 367, 371 (Tex. 1976).

The evidence is undisputed that Stephanie did not complete every requirement of the service plan. She was ordered to complete a psychosocial evaluation, which she did, and follow its recommendation to complete individual therapy. Stephanie was

discharged unsuccessfully from therapy because she missed six appointments. Stephanie testified that she stopped attending therapy because she felt it had run its course and any more sessions would not change anything. After reviewing the evidence under the appropriate standards, we determine the evidence to be legally and factually sufficient to prove that Stephanie failed to complete her court-ordered service plan. Accordingly, termination of her parental rights was proper pursuant to section 161.001(1)(O), and Stephanie's third issue is overruled.

Because it is only necessary that we determine the evidence was legally and factually sufficient as to one predicate ground under section 161.001(1), we will not address the sufficiency of the evidence relating to sections 161.001(1)(D) or (E). Issues one and two are overruled as well.

### BEST INTEREST—HOLLEY FACTORS

In her fourth issue, Stephanie contends there is legally and factually insufficient evidence to support the trial court's finding that termination of the parent-child relationship was in C.B.'s best interest.

There are several nonexclusive factors that the trier of fact in a termination case may consider in determining the best interest of the child, which include: (a) the desires of the child, (b) the emotional and physical needs of the child now and in the future, (c) the emotional and physical danger to the child now and in the future, (d) the parental abilities of the individuals seeking custody, (e) the programs available to assist these

individuals to promote the best interest of the child, (f) the plans for the child by these individuals or by the agency seeking custody, (g) the stability of the home or proposed placement, (h) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one, and (i) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976).

These factors are not exhaustive. *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Some listed factors may be inapplicable to some cases while other factors not on the list may also be considered when appropriate. *Id.*

### The desires of the child

At the time of trial, C.B. was 21 months old. He had been removed from Stephanie's care at 3 months old. While C.B. is too young to express his desires, we note that there was evidence in the record that he bonded well with his first foster family and had also bonded well with his second foster family, relatives of Stephanie. At the time of trial, C.B. had been residing with these relatives for three months.

### The emotional and physical needs of the child now and in the future
### The emotional and physical danger to the child now and in the future
### The programs available to promote the best interest of the child
### The plans for the child by the individuals or the agency seeking custody

While Stephanie was at work, and C.B.'s father[2] was watching him, C.B. became deprived of oxygen for a substantial length of time and also suffered a broken wrist. As a result of the oxygen deprivation, C.B. suffered brain damage which then caused

---

[2] The father's rights were also terminated, but he has not appealed that determination.

seizures, blindness, and developmental delays. Neither Stephanie nor C.B.'s father could explain how C.B. suffered the broken wrist or became oxygen deprived.

As a result of his disabilities, C.B. now requires medication to manage his seizures, vision services, neurology appointments, and occupational, physical, and speech therapy. His current placement caregivers are either nurses or have nursing experience and have enrolled C.B. in a special needs daycare where his services are performed on site.

Although Stephanie had a full-time job, had her own apartment, and took protective parenting classes, she had no specific plan on how to take care of C.B. if he was returned to her custody. Even though C.B. was somehow deprived of oxygen for a significant amount of time while in her home, she felt her home was a safe environment. Further, even though her older child, who moved in with his paternal grandmother after C.B. was removed, had said that C.B.'s father abused him, Stephanie did not believe the child and had not cut all ties with C.B.'s father.

*The acts or omissions of the parent, and any excuse for the acts or omissions*

Stephanie never had an explanation as to how C.B. became oxygen deprived in her home while Stephanie was at work and C.B. was being watched by his father. Further, as stated above in the review of the predicate ground, Stephanie was ordered to complete the recommendations of a psychosocial evaluation which included participating in individual therapy. She missed six appointments for individual

therapy and was unsuccessfully discharged from therapy. Stephanie reasoned that therapy had run its course and any more sessions would not change anything.

*Conclusion*

After a review of all the evidence under the appropriate standards, the evidence was legally and factually sufficient to prove that termination of Stephanie's parental rights to C.B. was in C.B.'s best interest. Stephanie's fourth issue is overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgment.[3]


TOM GRAY
Chief Justice

Before Chief Justice Gray,
 Justice Davis, and
 Justice Scoggins
Affirmed
Opinion delivered and filed October 2, 2014
[CV06]



---

[3] In this proceeding the appellant was determined to be indigent and allowed to proceed without the advance payment of cost. *See* TEX. R. APP. P. 20.1. The ability to proceed without the advance payment of cost does not, however, mean that the costs are not owed by an unsuccessful appellant. *See In re McGowan*, No. 10-10-00208-CV, 2010 Tex. App. LEXIS 5046 (Tex. App.—Waco June 30, 2010, orig. proceeding) (mem. op.). Because we have affirmed the judgment of the trial court, and thus ruled against the appellant in this appeal, the judgment of the Court will award the appellee the appellate cost paid by the appellee, if any, and all unpaid cost of the appeal will be taxed against the appellant. The Clerk of this Court is hereby ordered to write off all unpaid filing fees for this proceeding from the accounts receivable of the Court. The write off, however, in no way eliminates or reduces the fees owed by the appellant pursuant to the Court's judgment.