# Fourth Court of Appeals
## San Antonio, Texas


## MEMORANDUM OPINION

No. 04-18-00476-CV

**IN THE INTEREST OF J.S.G.** and J.G., Children

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA00010
Honorable Solomon Casseb III, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed: January 7, 2019

AFFIRMED

This is an accelerated appeal from an order terminating appellant's parental rights to his

children, J.S.G. and J.G. The appellant-father challenges the sufficiency of the evidence to support

the trial court's findings of several predicate grounds for termination, as well as an alternative

ground for termination based on failure to legitimate. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1),

161.002. Appellant also contends the trial court erred by opting not to have the court reporter

transcribe the attorneys' closing arguments. We affirm the trial court's judgment of termination.

### BACKGROUND

In November 2016, the Department of Family and Protective Services (the Department)

received a referral concerning the mother of J.S.G. and J.G. caring for the children while under the

influence of drugs and having lost her home. The Department filed its Original Petition for

Protection of a Child, For Conservatorship, and For Termination in Suit Affecting the Parent-Child Relationship on January 4, 2017 and was appointed temporary managing conservatorship of the children. A bench trial was held in two phases on June 22, 2018 and July 5, 2018. After considering the evidence presented on both dates, the trial court terminated appellant-father's parental rights to J.S.G. and J.G. based on its findings of endangerment, constructive abandonment and failure to comply with a court-ordered service plan, and its finding that termination was in the best interest of the children. TEX. FAM. CODE ANN. §§ 161.001(b)(1)(D), (E), (N), (O). The trial court also found that appellant had failed to legitimate the children and alternatively ordered termination of his parental rights on that ground. *Id.* § 161.002(b). Appellant appealed.

## STANDARD OF REVIEW

A parent-child relationship may be terminated only if the trial court finds by clear and convincing evidence one of the predicate grounds enumerated in section 161.001(b)(1) and that termination is in the child's best interest. *Id.* § 161.001(b)(1), (2). Clear and convincing evidence requires "proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* § 101.007. Appellant only challenges the factual sufficiency of the evidence to support the trial court's findings under section 161.001(b)(1)(D), (E), (N), and (O). Appellant does not challenge the trial court's finding that termination is in the children's best interests. In reviewing the factual sufficiency of the evidence, we give due deference to the factfinder's findings and refrain from substituting our judgment for that of the factfinder. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). We determine whether, in light of the entire record, the disputed evidence that a reasonable trier of fact could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction in the truth of the finding; if so, the evidence is factually insufficient. *Id.*; *In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002).

## PREDICATE FINDINGS UNDER FAMILY CODE SECTION 161.001

In several issues, appellant challenges the sufficiency of the evidence supporting the trial court's predicate findings under section 161.001(b)(1)(D), (E), (N), and (O). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (O). The trial court concluded there was clear and convincing evidence that appellant: (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children; (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children; (3) constructively abandoned the children; and (4) failed to comply with the provisions of a court order specifically establishing the actions necessary for appellant to obtain the return of the children. *Id.*

Subsection (O) allows termination of the parent-child relationship when a parent has failed to satisfy any of the conditions set out in the family service plan. *Id.* § 161.001(b)(1)(O). Texas courts generally take a strict approach to subsection (O)'s application. *In re D.N.*, 405 S.W.3d 863, 877 (Tex. App.—Amarillo 2013, no pet.). In construing subsection (O), courts only look for a parent's failure to comply and do not measure a parent's "degree of compliance" or "quantity of failure." *Id.* In this case, appellant's service plan required him to: (1) participate in domestic violence classes or counseling as a victim; (2) complete a drug assessment and participate in a drug treatment program, and maintain a drug free environment; (3) refrain from criminal activities and "satisfactorily resolve any outstanding criminal issues that exist currently or arise during this case in a timely manner and in a favorable resolution to the family situation;" (4) submit to a psychological assessment and follow all recommendations, including individual counseling throughout the duration of the case; (5) participate in an approved parenting class; (6) obtain and submit proof of stable employment and housing; and (7) keep all scheduled appointments and follow all recommendations of any provider affiliated with the service plan.

Appellant testified by phone from prison and agreed that his caseworker went over the services required under his family service plan and he signed the plan. He testified that before he was incarcerated he completed the psychological classes. He attempted to start the domestic violence classes but was working and had problems with transportation. Appellant also had trouble finding a domestic violence class that would accept a male victim. He was subsequently incarcerated for violating his probation on a 2011 felony possession of cocaine case. After his incarceration, appellant began participating in the "Changes" program at the Dominguez Unit. As part of the program, he completed classes on parenting, family coping, anger management, and skills for use upon release. Appellant stated the family coping course included some topics on domestic violence. Appellant conceded he has not provided any documentation or other proof to his caseworker of his completion of these classes and has not provided her with the name of a program contact at the prison. Appellant stated he cannot obtain proof of completion of any of the courses until the end of the program when he will receive a certificate. He was recently transferred to a different prison unit, so his participation in the program's substance abuse class was interrupted. He is currently on the list to get back into the program to finish up the "next few units" that he needs for completion, including the substance abuse class. Appellant also conceded there was a period of time at the Dominguez Unit when he lost privileges to take the classes due to a behavioral issue on his part.

Appellant's service plan was admitted into evidence as State Exhibit #5, and Martine Arreola, appellant's caseworker, also testified to the requirements of his service plan. Arreola testified she reviewed the service plan with appellant, he appeared to understand the requirements, and he signed the plan which was then filed with the court. Of the several requirements, Arreola testified that appellant only completed the psychosocial evaluation. She acknowledged that appellant began individual counseling sessions before his incarceration, but stated he was

discharged "due to no show." Arreola agreed that appellant had reached out to her for help with transportation issues, including for visits with his children, and that he sometimes had to walk long distances. Arreola testified that, as of the July 5, 2018 trial, appellant had been incarcerated for approximately 12 months out of the 18-month duration of the CPS case and his expected release date was February 2019. Appellant had failed to provide Arreola with any documentation or other proof that he was participating in the Changes prison program and she was unable to verify his participation. Appellant had stayed in touch with her from prison and had informed her that he would receive a certification upon completion of the entire program; he stated that no documentation was available to prove his completion of any particular class during the program. Arreola also testified, however, that the family coping class that appellant took in prison does not meet the Department's requirements for the domestic violence class in appellant's service plan.

Although the evidence shows that appellant completed one of the requirements on his service plan, the evidence conclusively shows he did not comply with all of the requirements of his service plan. *See In re M.C.G.*, 329 S.W.3d 674, 676 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (determining a parent's failure to complete just one requirement of the service plan supports termination); *In re T.T.*, 228 S.W.3d 312, 319 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (affirming that substantial or partial compliance with a service plan is insufficient to avoid termination). While appellant's incarceration made completion of his service plan more difficult, appellant also failed to fully comply with the plan's requirements, e.g., individual counseling, even before his incarceration. Accordingly, we hold the evidence is factually sufficient to support the trial court's finding under section 161.001(b)(1)(O).[1] Because a single

---

[1] Appellant also argues the defense provided by subsection (d) of section 161.001 bars termination for his failure to complete his service plan because he made a good faith effort to comply. *See* TEX. FAM. CODE ANN. § 161.001(d) (providing that a court may not order termination under section 161.001(b)(1)(O) based on a parent's failure to comply with a specific provision of a court order if the parent proves (1) he was unable to comply and (2) made a good faith

ground under section 161.001(b)(1) can support termination when there is also a finding that termination was in the child's best interest, we need not address appellant's challenges to the evidence in support of termination under subsections (D), (E), and (N).  *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003).

## TERMINATION UNDER FAMILY CODE SECTION 161.002

Appellant asserts that the trial court erred in finding that termination of his parental rights was warranted under section 161.002.  *See* TEX. FAM. CODE ANN. § 161.002(b) (providing that the rights of an alleged father may be terminated if, after being served with citation, he does not respond by timely filing an admission of paternity or a counterclaim for paternity).  Appellant argues that, because he appeared at the July 5, 2018 trial proceeding and testified he is the father of J.S.G. and J.G., he admitted paternity and therefore his parental rights could not be terminated under section 161.002.  *See id.*  Appellant also notes that DNA test results filed on July 20, 2018 confirmed his paternity, and an adjudication of his paternity is reflected in the final termination order signed on August 23, 2018.  However, the trial court's finding that termination of appellant's parental rights was warranted under section 161.002(b) was made in the alternative to its findings of the predicate grounds for termination under 161.001(b)(1) (D), (E), (N), and (O).  Because we have already held that the statutory termination ground (O) is supported by sufficient evidence, we need not address this alternative ground for termination.  *See In re A.V.*, 113 S.W.3d at 362.

## CLOSING ARGUMENTS

Finally, appellant asserts the trial court committed an error of law that probably prevented him from properly presenting the case on appeal by opting not to instruct the court reporter to

---

effort to comply and his failure to comply is not attributable to any fault of the parent).  However, subsection (d) did not take effect until September 1, 2017 and does not apply to a suit affecting the parent-child relationship filed prior to that date.  The Department's petition for termination was filed on January 4, 2017.

record the attorneys' closing arguments. *See* TEX. R. APP. P. 44.1(a)(2). The record reflects that, at the close of evidence, the trial court informed the parties that his practice was to not require the court reporter to transcribe closing arguments. Appellant did not request that the closing arguments be recorded or otherwise object to the trial court's decision; appellant also did not raise the matter in a motion for new trial or create a bill of exception. To preserve a complaint for appellate review, a party must make a timely request, objection, or motion in the trial court stating the grounds for the ruling the complaining party is seeking with sufficient specificity so that the trial court is made aware of the complaint. TEX. R. APP. P. 33.1(a)(1). A complaining party must also obtain a ruling from the trial court on the request, objection, or motion. TEX. R. APP. P. 33.1(a)(2). The record here does not show that appellant preserved his complaint concerning recording of the closing arguments for appellate review.

## CONCLUSION

Based on the foregoing reasons, appellant's issues on appeal are overruled and the trial court's final order of termination is affirmed.

Rebeca C. Martinez, Justice