

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00585-CV

**IN THE INTEREST OF D.D.R., N.R.R., AND A.R.**, Children

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA00986
Honorable Richard Garcia, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Irene Rios, Justice

Delivered and Filed: January 30, 2019

AFFIRMED

Appellant Mother appeals the trial court's order terminating her parental rights to her children, Denise, Nancy, and Adam.[1]   Mother challenges the sufficiency of the evidence supporting the trial court's finding that termination was in the children's best interest as well the sufficiency of the evidence supporting the statutory predicate grounds for termination.  We affirm the trial court's order.

### BACKGROUND

On May 9, 2017, the Texas Department of Family and Protective Services ("Department") filed a petition to terminate parental rights.  In the supporting affidavit, Department caseworker

---

[1] To protect the identity of minor children in an appeal from an order terminating parental rights, we refer to the parents as "Mother" and "Father" and the children by aliases.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).  Although the trial court's order terminates the parental rights of both parents, only Mother appeals.

Darrest McCalister states the Department received a referral on May 4, 2017 alleging Mother abandoned her children. McCalister explains in the affidavit that at the time of the referral, Adam lived with his maternal uncle, Isidro, and both Denise and Nancy lived with their maternal grandmother. On May 4, 2017, Isidro took Adam to school, but refused to pick Adam up at the end of the day. According to McCalister, Isidro explained Mother abandoned the children by leaving them with relatives. Mother's siblings reported to McCalister that Mother is a heroin addict and does not provide a safe home for the children. Adam also told McCalister that Mother is a drug addict.

In the affidavit, McCalister notes the Department was unable to locate Mother or Father. The Department was also unable to identify a relative willing to serve as a permanent caretaker for the three children. According to McCalister, intervention was necessary, in part, because the family members with whom the children were living had no legal rights regarding the children.

The trial court held a bench trial on August 1, 2018, at which Mother appeared in person. The trial court signed an order terminating Mother's parental rights on August 22, 2018, and this appeal followed.

## ANALYSIS

Mother contends the evidence is legally and factually insufficient to support the trial court's finding of statutory grounds for termination of her parental rights pursuant to Texas Family Code sections 161.001(b)(1)(F), (N), (O), and (P). Mother additionally contends the evidence is legally and factually insufficient to support the trial court's finding that termination of her parental rights is in the best interest of the children.

### Standard of Review

To terminate parental rights pursuant to section 161.001 of the Texas Family Code, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate

grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. §§ 161.001, 161.206(a); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In this case, the trial court found evidence of four predicate grounds to terminate Mother's parental rights.[2] The trial court also found termination of Mother's parental rights was in the best interest of the children.

When reviewing the sufficiency of the evidence, we apply the well-established standards of review. *See* TEX. FAM. CODE ANN. §§ 101.007, 161.206(a); *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (factual sufficiency); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (legal sufficiency).

## Statutory Grounds for Termination

### *Termination Based on Section 161.001(b)(1)(O): Failure to Comply with Court Order*

Mother asserts the evidence is legally and factually insufficient to support termination of her parental rights pursuant to Family Code Section 161.001(1)(O). In her brief, Mother points out that she completed portions of her service plan, specifically drug treatment, as well as anger management and parenting classes. Mother argues that although she was not able to complete other portions of her service plan because she was incarcerated, she made a good faith effort to comply and her failure to comply was not attributable to her own fault. In making this argument, Mother appears to discuss only the parent visitation requirement of the service plan.

---

[2] The trial court found evidence Mother

> failed to support the children … during a period of one year[;] … constructively abandoned the children[;] … failed to comply with the provisions of a court order[;] … [and] used a controlled substance … in a manner that endangered the health or safety of the child, and (1) failed to complete a court-ordered substance abuse treatment program[,] or (2) after completion of a court-ordered substance abuse treatment program continued to abuse a controlled substance … [.]

*See* TEX. FAM. CODE ANN. § 161.001(b)(1)(F), (N), (O), (P).

Under Family Code Section 161.001(1)(O), termination of parental rights is warranted if the trial court finds by clear and convincing evidence the parent:

> failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

TEX. FAM. CODE ANN. § 161.001(1)(O).

"Texas courts generally take a strict approach to subsection (O)'s application." *In re S.J.R.–Z.*, No. 04–17–00238–CV, 2017 WL 6502563, at \*9 (Tex. App.—San Antonio Dec. 20, 2017, pet. denied) (mem. op.) (internal quotation omitted); *see also In re D.N.*, 405 S.W.3d 863, 877 (Tex. App.—Amarillo 2013, no pet.). "Ground O does not quantify any particular number of provisions of the family service plan that a parent must not achieve in order for the parental rights to be terminated." *In re B.H.R.*, 535 S.W.3d 114, 122 (Tex. App.—Texarkana 2017, no pet.). "Subsection O [also] does not provide a means to evaluate 'excuses' or 'partial compliance.'" *In re S.J.R.–Z.*, 2017 WL 6502563, at \*9; *see also In re J.S.*, 291 S.W.3d 60, 67 (Tex. App.—Eastland 2009, no pet.) (holding subsection (O) "does not encompass an evaluation of a parent's partial achievement of plan requirements"). "In other words, 'substantial compliance is not the same as complete compliance.'" *In re S.J.R.–Z.*, 2017 WL 6502563, at \*9 (quoting *In re A.M.M.*, No. 04–15–00638–CV, 2016 WL 1359342, at \*3 (Tex. App.—San Antonio Apr. 6, 2016, no pet.) (mem. op.)). "A parent's failure to complete one requirement of her [family service plan] supports termination under subsection (O)." *In re J.M.T.*, 519 S.W.3d 258, 267 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (internal quotation omitted); *In re M.C.G.*, 329 S.W.3d 674, 675 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (holding evidence that parent failed to complete individual therapy sufficient to support termination).

During the trial, the Department presented the testimony of caseworker Alysha Kraft, who explained the Department became involved when Mother left her children in the care of relatives. Kraft testified that the children's maternal uncle Isidro, specifically, was unable and unwilling to care for the children. Kraft further testified that, at the time of the referral, Adam exhibited behavioral problems both at home and at school.

On May 23, 2017, the trial court signed an order in which Mother was ordered to comply with the provisions of the Department's service plan, as well as any amended service plan. The Family Service Plan filed by the Department on June 16, 2017, directed that Mother was to maintain contact with the Department, attend parent-child visits, attend Narcotics Anonymous meetings, submit to random drug testing, complete parenting classes, obtain safe and stable housing and employment, undergo a psychosocial evaluation and substance abuse assessment, and participate in individual therapy and substance abuse treatment. Kraft testified that Mother was incarcerated in October 2017, and released from custody on June 26, 2018. In the Family Service Plan Evaluation, filed with the court on June 27, 2018, the Department added a section titled "Criminal Involvement" which directed Mother to "refrain from continuing to get arrested and in trouble with the law. [Mother] will follow all conditions of her probation or parole."

Kraft testified that while incarcerated, Mother completed parenting and anger management classes, as well as inpatient drug treatment. Kraft testified that there was minimal contact between Mother and the Department following her release from custody and that Mother had not submitted to drug testing since her release. Kraft additionally testified that Mother had not engaged in individual therapy as required by the service plan. Kraft further testified Mother was rearrested on July 13, 2018.

Viewing all the evidence in the light most favorable to the trial court's judgment, we conclude a reasonable trier of fact could have formed a firm belief or conviction Mother failed to

comply with the provisions of the trial court's order. Thus, the evidence is legally sufficient to support this finding. Based upon the same evidence and conclusions, the evidence is also factually sufficient to support the trial court's termination finding under Section 161.001(b)(1)(O).

Having determined the evidence is legally and factually sufficient to support the trial court's finding on this statutory ground, we need not consider whether the evidence would support subsections (F), (N), or (P). *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003) (affirming determination based on one predicate without reaching second predicate found by factfinder and challenged by parent).

### Best Interests

In determining whether a child's parent is willing and able to provide the child with a safe environment, we consider the factors set forth in Family Code section 263.307(b). *See* TEX. FAM. CODE ANN. § 263.307(b). We also apply the non-exhaustive *Holley* factors to our analysis.[3] *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Evidence that proves one or more statutory ground for termination may also constitute evidence illustrating that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002) (holding same evidence may be probative of both section 161.001(b)(1) grounds and best interest, but such evidence does not relieve the State of its burden to prove best interest). "A best interest analysis may consider circumstantial evidence, subjective factors, and the totality of the evidence as well as the direct evidence." *See In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied). "A trier of fact

---

[3] These factors include: (1) the child's desires; (2) the child's present and future emotional and physical needs; (3) any present or future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist the individuals seeking custody to promote the child's best interest; (6) the plans for the child by the individuals or agency seeking custody; (7) the stability of the home or proposed placement; (8) the parent's acts or omissions which may indicate that the existing parent-child relationship is improper; and (9) any excuse for the parent's acts or omissions. *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976); *In re E.C.R.*, 402 S.W.3d 239, 249 n.9 (Tex. 2013).

may measure a parent's future conduct by his past conduct and determine whether termination of parental rights is in the child's best interest." *Id.*

Kraft testified the children had been placed with their maternal grandparents since May 2017. Kraft expressed concern that Nancy was exhibiting behavioral problems and also that the grandparents did not want permanent managing conservatorship of the children. Although the maternal grandmother testified the children still wanted a relationship with Mother, Kraft informed the trial court that two of the children, Denise and Adam, expressed that they wanted their grandparents to adopt them. According to Kraft, Nancy stated she wanted Mother to do what was necessary for Mother to retain her parental rights.

As noted above, Kraft testified Mother did not comply with the provisions of the court-ordered service plan. *In re E.C.R.*, 402 S.W.3d 239, 249 (Tex. 2013) (evidence that the appellant failed to comply with the court-ordered service plan supported the trial court's best-interest determination); *see also In re A.H.*, No. 04–15–00416–CV, 2015 WL 7565569, at *9 (Tex. App.—San Antonio Nov. 25, 2015, no pet.) (mem. op.) (holding failure to complete family service plan is indicative of failure to prioritize child). Specifically, Mother did not "refrain from continuing to get arrested and in trouble with the law."

Having reviewed the record and considered all the evidence in the appropriate light for each standard of review, we conclude the trial court could have formed a firm belief or conviction that termination of Mother's parental rights was in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(2); *In re H.R.M.*, 209 S.W.3d at 108; *In re J.P.B.*, 180 S.W.3d at 573; *see also generally In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (recognizing an appellate court need not detail the evidence if affirming a termination judgment).

**CONCLUSION**

For the foregoing reasons, we affirm the trial court's order terminating Mother's parental rights.

Irene Rios, Justice